UNITED STATES DISTRICT COURT
CONNECITCUT

BERNARD KENNEDY, III

    Plaintiff,

V.                                                      CIVIL ACTION NO

CREDIT MANAGEMENT, L.P.

Defendant.                                             APRIL 7, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Branford, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 4200 International Parkway, Carrollton, TX 75007.

6. Defendant communicated with plaintiff by letter dated January 11, 2011 in connection with collection efforts with regard to plaintiff's disputed personal debt.

7. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to dispute a debt.

8. On or about April 5, 2011, the Plaintiff contacted the Defendant and spoke to a collection agent who identified herself as Charlotte.

9. The plaintiff advised the Defendant's agent that he wanted to dispute the debt.

10. Defendant advised the Plaintiff that he could not orally dispute this debt and advised him he must dispute in writing in violation of the FDCPA. *See Camacho v. Bridgeport Financial, Inc.* (9th Cir. - Dec. 12, 2005).

11. The Defendant advised the Plaintiff that it does not accept oral disputes.

12. Defendant violated the FDCPA by not accepting an oral dispute.

13. Defendant though their collection agent stated that the reason for dispute was not valid.

14. The FDCPA does not have criteria for valid or invalid disputes, therefore the Defendants statements are false, deceptive and misleading in violation of §1692e.

15. The Plaintiff asked the Defendant if they reported their debts to credit reporting agencies and the Defendant stated they did report debt to the credit bureaus.

16. Plaintiff asked the Defendant if she was going to report the dispute to the credit reporting agency and the Defendants stated it would not report this known disputed debt to the credit bureaus, in violation of §1692e (8).

17. Defendant violated the FDCPA by misrepresenting the procedure required to dispute the debt in their initial collection letter.

18. In the collection efforts, the defendant violated the FDCPA, inter alia; section 1692 e, f, and G.

## SECOND COUNT

19. The allegations of the First Count are repeated and realleged as if fully set forth herein.

20. Within three years prior to the date of this action, Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a et seq, including but not limited to making false, deceptive and misleading statements in violation of §1692e. .

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to CUTPA

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.


                  THE PLAINTIFF

                  BY/S/Bernard T. Kennedy
                    Bernard T. Kennedy, Esquire
                    157 Pine Orchard Road
                    Branford, CT 06405
                    (443) 607- 8901
                    (443) 607-8903 Fax
                    Fed. Bar # ct00680
                    bernardtkennedy@yahoo.com